[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action initiated by the Plaintiff against the Defendant with respect to the premises located at 2 Diana Drive in the town of Waterford.
From testimony, it appears the Plaintiff is the trustee of the Manuel J. Faria Trust, which controls the premises, and he is the Defendant's cousin. The Defendant is a remainderman under the provisions of the trust, and is one of Manuel Faria's children.
The Court finds the following facts to be relevant to the question of possession:
On January 26, 2000, a Notice to Quit Possession of the subject premises was served on the Defendant. Nine days later, a Summary Process Summons was served on the Defendant and filed with the Court on February 8. CT Page 9564
On March 2, 2000, Defendant; pro Se, filed an Answer and Special Defense and subsequently filed an Answer to Amended Complaint on March 20.
Plaintiff's attorney filed an Amended Complaint on May 17, 2000 which Amended Complaint was served on May 8. No new Notice to Quit Possession was served. Instead, the Notice to Quit dated January 19, 2000 was attached to the Amended Complaint.
Due to discrepancies in filing dates, the parties agreed at trial to utilize the Amended Complaint filed May 17, 2000, and the Answer to Amended Complaint dated March 20, 2000.
On January 26, 2000, and at all relevant times thereafter, the Defendant was a tenant at sufferance.
Pursuant to General Statute Section 47a-23a, a summary process complaint shall, set forth facts justifying a judgment for immediate possession or occupancy of the premises and make a claim for possession or occupancy of the premises."
Besides failing to set forth any facts justifying a judgment for immediate possession, Plaintiff's amended complaint fails to set forth any facts whatsoever as required by General Statute Section 47a-23a. The amended complaint merely reiterates what the Notice to Quit stated, that a tenancy is being terminated for 1.) lapse of time; and 2.) there once was a "right or privilege to occupy such premises but such right or privilege has terminated." Plaintiff's amended complaint fails to allege the existence of a Landlord-Tenant relationship between parties or the location of the subject premises. Plaintiff failed to offer any evidence at trial sufficient to show the existence of any agreement between the parties. Further, Plaintiff fails to make any claim for possession of the premises in the Amended Complaint.
The file reflects a prior summary process action was initiated by the same Plaintiff against the same Defendant in which Judge Richard W. Dyer found the Defendant to be a Tenant at Sufferance on October 1, 1999 and at all times thereafter.
In his decision, Judge Dyer cited Shough, which stated that, "for lapse of time to be a valid reason for issuance of a Notice to Quit, there must [be] an underlying lease whether written or oral. Lapse of time is not a sufficient reason to terminate a tenancy at sufferance." Shough v.Hogan, No. SPNH 9702-4735, Superior Court, Judicial District of New Haven (Levin, J.) March 21, 1997. CT Page 9565
Because no rental agreement existed on May 8, 2000, the Notice to Quit for lapse of time was legally ineffective, and this court is without subject matter jurisdiction to decide that issue because a defective Notice to Quit deprives the Court of subject matter jurisdiction.Bridgeport v. Barbour-Daniels Electronics, 16 Conn. App. 574, 582
(1988).
Plaintiff's second justification for notifying the Defendant to quit was that the Defendant once had the right or privilege to occupy the premises but that right or privilege terminated. However, Plaintiff has failed to offer sufficient evidence to show that Defendant once had a right or privilege to occupy and that such right or privilege has since terminated, entitling Plaintiff to prevail here.
The Amended Complaint was not in compliance with C.G.S. 47a-23a and Plaintiff has failed to meet his burden of showing that Defendant once had a right or privilege to occupy the subject premises but has since lost that right or privilege. Further, because of the defect in pleading lapse of time in the Notice to Quit, this Court is without subject matter jurisdiction to render a decision.
For all of the above reasons, judgment enters for Defendant.
Judge Stuart M. Schimelman